NOT DESIGNATED FOR PUBLICATION

No. 120,018

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SHANE L. CLARY,
*Appellant*.


MEMORANDUM OPINION

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Opinion filed April 19, 2019. Affirmed in part and dismissed in part.

Submitted for summary disposition under K.S.A. 2018 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., MALONE and LEBEN, JJ.


PER CURIAM: Shane L. Clary appeals the district court's decision revoking his probation and ordering him to serve a modified prison sentence. We granted Clary's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State has filed no response.

On January 11, 2017, Clary pled guilty to one count of aggravated battery. On March 28, 2017, the district court sentenced Clary to 71 months' imprisonment but granted a dispositional departure to probation for 36 months to be supervised by community corrections. Clary did not appeal his sentence.

1

The State later filed three motions to revoke probation, with the district court opting to impose sanctions on two occasions. On August 6, 2018, at a hearing on the third motion to revoke probation, Clary admitted to violating his probation on several grounds, including testing positive for the use of illegal drugs and failing to comply with mental health treatment. The district court revoked Clary's probation but modified his sentence to 52 months' imprisonment. Clary timely appealed his probation revocation.

On appeal, Clary claims the district court "abused its discretion by imposing the prison sentence when additional sanctions remained available." But Clary acknowledges that under K.S.A. 2018 Supp. 22-3716(c)(9)(B), the district court did not have to consider any intermediate sanctions in his case because his probation was originally granted as the result of a dispositional departure.

The procedure for revoking a defendant's probation is governed by K.S.A. 2018 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). A district court abuses its discretion by committing an error of law in the application of K.S.A. 2018 Supp. 22-3716 when revoking a defendant's probation. See *State v. Still*, No. 112,928, 2015 WL 4588297, at *1 (Kan. App. 2015) (unpublished opinion).

Here, the district court granted Clary probation even though his conviction called for presumptive imprisonment. The district court then gave Clary two more chances at probation even though he was not following the conditions of his supervision. At the final hearing, the judge stated, "I just can't do it again. Four times is not the charm." The

2

district court's decision to revoke Clary's probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Clary has failed to show that the district court abused its discretion by revoking his probation and ordering him to serve a modified prison sentence.

Finally, Clary claims the district court "erred in imposing a greater penalty [based on his criminal history score] that was not charged in the complaint and proved to a jury beyond a reasonable doubt." But Clary did not timely appeal his original sentence imposed on March 28, 2017. See K.S.A. 2018 Supp. 22-3608(c); *State v. Inkelaar*, 38 Kan. App. 2d 312, 317-18, 164 P.3d 844 (2007) (holding that defendant's notice of appeal was timely only as to his probation revocation and not as to his original sentence), *rev. denied* 286 Kan. 1183 (2008). Because Clary did not timely appeal his sentence, this court lacks jurisdiction to address his sentencing issue. But even if we had jurisdiction to address the issue, we note that our Supreme Court has resolved this issue contrary to Clary's position in *State v. Ivory*, 273 Kan. 44, 46-47, 41 P.3d 781 (2002).

Affirmed in part and dismissed in part.